UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD RUDOLPH, DAN GRIFFIN,
CHRIS WELLS, and CAROLYN ALLEN,

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant/Cross-Plaintiff/Cross-Defendant,

v.

GUARDIAN PROTECTIVE SERVICES, INC., d/b/a GUARDIAN BONDED SECURITY,

    Cross-Defendant/Cross-Plaintiff.

_____/

Case No. 04-74003
Case No. 05-70916

Honorable John Corbett O'Meara

## ORDER GRANTING GUARDIAN'S AUGUST 3, 2006 MOTION FOR ABSTENTION AND GRANTING IN PART PLAINTIFFS' AUGUST 18, 2006 MOTION FOR ABSTENTION

This matter came before the court on Guardian Protective Services' August 3, 2006 motion for abstention and stay and Plaintiffs' August 18, 2006 motion for abstention and dismissal. Guardian and Plaintiffs responded to each other's motions; however, the City of Detroit failed to respond to either motion. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS

Plaintiffs' initial complaint in this matter asserted claims against defendant Guardian for, among other things, violations of Detroit's "living wage" ordinance ("LWO"), violations of the Fair Labor Standards Act ("FLSA"), and violations of 42 U.S.C. § 1983. The court dismissed the state

law claims, and Plaintiffs filed an amended class action complaint, reasserting the claims against Guardian and naming the City of Detroit a co-defendant. The City cross filed against Guardian seeking indemnification, and Guardian cross filed against the City. After Guardian filed a motion to dismiss Plaintiffs' federal claims, Guardian and Plaintiffs stipulated to dismiss those claims; the cross claims between the City and Guardian remained, however. The case was closed for administrative purposes and later reopened.

Plaintiffs filed a new action against Guardian in Wayne County Circuit Court reasserting the dismissed claim for violations of the LWO, a third-party beneficiary claim, and the FLSA claim. Guardian removed the case to federal court, and it was assigned to Judge Roberts. It was subsequently reassigned to this court as a companion case (05-70916).

Guardian has asked this court to apply abstention principles and stay the federal claims asserted in Case No. 05-70916 based on Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). In Colorado River, the United States Supreme Court held that abstention is appropriate "in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Id. at 817. The United States Court of Appeals for the Sixth Circuit, discussing Colorado River, recently explained,

> In Colorado River, the Supreme Court held that federal courts may abstain from hearing a case solely because there is similar litigation pending in state court. Colorado River abstention rests on considerations of 'wise judicial administration' and the general principle against duplicative litigation. These factors create a 'narrow exception' to the 'virtually unflagging obligation of federal courts to exercise the jurisdiction given them.'
>
> The threshold question in Colorado River abstention is whether there are parallel proceedings in state court. The state court proceedings need not be identical, merely 'substantially similar.' There is also no

>       requirement that the parties in the state court proceedings be identical
>       to those in the federal case.

Bates v. Van Buren Township, 122 Fed. Appx. 803, 806 (6th Cir. 2004) (citations omitted).

Plaintiffs' motion asks this court to deny Guardian's motion for abstention and for a stay, yet it moves this court to abstain and dismiss without prejudice the City of Detroit's cross-claim for indemnity against Guardian. The appellate court in Bates, however, advised that issuance of a stay, rather than dismissal without prejudice, is generally appropriate in these cases.

The parties have informed this court that the state court will soon hear Guardian's motion regarding the enforceability of the DLWO. Therefore, this court will stay all of the claims in the cases pending before this court until after the state court has ruled on the enforceability of the DLWO.

## **ORDER**

It is hereby **ORDERED** that Guardian Protective Services' August 3, 2006 motion for abstention and stay is **GRANTED.**

It is further **ORDERED** that Plaintiffs' August 18, 2006 motion for abstention and dismissal is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that this matter is **STAYED** until a party moves to have the action reopened following the state court's ruling.


                                s/John Corbett O'Meara
                                UNITED STATES DISTRICT JUDGE


Dated:  September 29, 2006

3

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 29, 2006, by electronic and/or ordinary mail.

                              s/William Barkholz
                              Case Manager